This is a suit brought by a husband and wife for damages arising out of an automobile accident which took place at about 7:30 o'clock p.m., on November 24, 1939, on Highway No. 90 about four miles east of the City of Houma, Louisiana. The plaintiff, Mrs. Lottie McDonald Millet, was riding in an automobile which was travelling west and which collided with the rear end of a parked truck facing the same direction. The automobile belonged to Porche Motor Company of Houma and it is alleged that on that day it was under the supervision and control of Charles Collins, an employee of that company. Mrs. Millet occupied the front seat with her son James Millet who was driving the automobile. The parked truck belonged to Johnny Rizzo and was being operated by one of his employees, Jessie Foret. Both Rizzo and Foret as well as United States Fidelity and Guaranty Company, the alleged insurer of the truck, are made defendants herein.
Mrs. Millet sustained personal injuries which necessitated her being hospitalized for ten days and attended to medically for quite a long time, for all of which she asks to recover the sum of $7,000 in damages. She also claims the sum of $138 for the loss of wearing apparel, eye glasses and cash money. Her husband seeks to recover the hospital, doctor's and nursing expenses incurred in her treatment, the whole amounting to $365.73.
The driver of the parked truck is charged with negligence in the two following particulars: (1) In stopping and parking the truck entirely on the paved portion of the highway without leaving a clearance of fifteen feet on the pavement as required by law and particularly by Act 286 of 1938, and (2) in stopping and parking the truck without setting out in the front and rear, on the highway, the necessary lighted flares as also required by the same statute.
The defendants filed jointly an exception of no cause or right of action which was overruled and which now appears to have passed out of consideration as we find no reference made to it on this appeal. They also filed a joint answer in which they admit that the automobile in which Mrs. Millet was riding ran into the truck which was parked in front of a night club or road house known as Hollywood Inn, the grounds in front of which were brightly illuminated. They deny that Mrs. Millet was a guest in the automobile in which she was riding but that her son was driving the same under her direction and control and that his negligence in its operation is imputable to her. They deny that the truck was parked completely on the paved portion of the highway, but aver, on the contrary, that its right wheels were off and on to the dirt shoulder on its right side and that it was parked as near as possible to the steep bank of a deep ditch on that side of the highway.
As a special defense it is urged that on the night of the accident, in some unaccountable manner, the lighting system of the truck which had been inspected about two weeks before and then found in perfect *Page 246 
working order, failed and all the lights went out. That immediately the driver drove the truck to the extreme right dirt shoulder of the highway and in that area illuminated by the lights from the Hollywood Inn where it became plainly visible to automobile drivers on the highway approaching it from either direction. That he then turned off the motor, got out of the truck and began at once "to put out flares as is required by law, and then repair his lights, when the automobile in which plaintiff was riding came dashing up the highway and ran into the rear end of the truck." Finally, and in the alternative, defendants plead contributory negligence on the part of the plaintiff Mrs. Millet which bars recovery for any damages in this case.
Upon trial in the court below there was judgment in favor of the plaintiffs and against the three defendants, in solido. Mrs. Millet was awarded $3,000 for her injuries, pain and suffering and $138 for loss of cash money, wearing apparel and eye glasses. Mr. Millet was awarded the full amount of his demand for doctor's, nursing and hospital expenses. The defendants have appealed, suspensively, and the plaintiff, Mrs. Millet, has answered the appeal asking for an increase in the amount of the award made to her to the sum of $7,138.
From the testimony it appears that Mrs. Millet had been under the care of a doctor in New Orleans to whom she made periodical visits for treatment. Her son, James, also consulted and was treated by this same doctor. She usually went with friends by way of automobile if the occasions presented themselves for her to do so. On the day of the accident they went in a car belonging to Porche Motor Company for which Mr. Millet worked as a salesman. In the presence of Mr. Millet that morning Collins said he had to go to New Orleans that day on business for the company and it was then arranged that Mrs. Millet and her son would go with him so that they could visit their doctor. There was no more understanding or agreement than this convenient arrangement and at about one o'clock in the afternoon Collins called for them at their home and they proceeded on their way. He drove on the trip going and James Millet drove to come back that evening. Mrs. Millet occupied the front seat with her son for the reason that she gets nauseated when riding in an automobile and sitting on the front seat seems to disturb her less than when she sits in the back. Besides, on this particular day, she wasn't feeling well because she had had to undergo a cystoscopic treatment in the doctor's office. Under the facts as shown we agree with the learned trial judge that James Millet did not have charge and control of the automobile in such manner as to constitute him the agent of his mother and for whose negligence, if any, she would be liable and precluded from recovery for the damages sustained by her in the accident.
The testimony bears out the contention of the plaintiffs that the truck was parked on the paved slab of the concrete highway occupying the greater portion of the right side lane of travel going west. In fact this seems now to be conceded by the defendants who urge that the truck could not be parked further to the right so as to provide a fifteen-foot clearance as required by Act 286 of 1938, Title II, Sec. 3, Rule 15 (a), because in that vicinity the concrete slab which is eighteen feet wide rested upon an embankment which rises five feet above the surrounding marsh land and the shoulders on either side are very narrow and slope or merge into the steep banks of the canal on the side of each shoulder. The defendants, however, do not admit, as contended by the plaintiffs, that a most practical and easy way for the driver of the truck to have cleared the highway would have been for him to drive over the bridge leading to the parking grounds of the Hollywood Inn. They insist that this maneuver would have involved a left-hand turn which would have been very dangerous in view of approaching traffic on the highway. But the only traffic there was at the time, as far as the record discloses, was the automobile in which Mrs. Millet was riding, which was approaching from the rear and at that moment it was not close enough to cause the driver of the truck any apprehension as he admits that he drove his truck probably some two hundred feet after his lights gave out to a point on the highway opposite the bridge spanning the canal in front of the Hollywood Inn. It is shown that an electric neon sign on the Hollywood Inn afforded ample light for him to guide his truck across this bridge and it strikes us that he used poor judgment in failing to take advantage of this situation and also of this easy chance which he had to get his disabled truck off the highway and out of the way of traffic *Page 247 
thereon. In connection with the danger involved in making a left-hand turn on the highway, the case is vastly different from that of Grasser v. Cunningham, 200 So. 658, recently decided by this court and to which our attention is called by counsel for the defendants, for in that case it is shown that the driver attempted to execute such a turn almost directly in the path of another automobile which was approaching from the direction opposite to that in which she was going.
In our opinion there was not the immediate emergency resulting from the truck's disability which is relied on by the defendants in order to escape liability. As already pointed out the driver of the truck continued on his way as far perhaps as two hundred feet before bringing it to a stop and this in order to carry out the idea which had already developed in his mind of getting into an area where the highway was illuminated to some extent by the reflection of the lights from the night club. Besides, as the testimony impresses us, he had brought his truck to an actual stop some three minutes or more before the impact during which time he seems to have busied himself in trying to get his lights corrected by using a piece of tin foil around the fuse, and did nothing about the flares. When the highway traffic officer appeared on the scene he had to call his attention to his failure to put the flares out and had to give him specific orders to do so. In this respect, the case is different from that of Beach v. Union Brewing Co., La.App., 187 So. 332, 337, relied on by the defendants, in which the drivers of the disabled truck were absolved from negligence for failure to display lighted flares because the testimony seems to have satisfied the court that they had undertaken to do so "with all possible speed" and the accident took place before they had proceeded very far in the operation. Stress is laid on the statement in the opinion that it takes some two or three minutes to remove the flares from the brackets in which they are held, light them and then set them out and that a statement somewhat similar appears in the case of Bourgeois v. Longman, La.App., 199 So. 142, 145, and it is urged that applying that time limit in the present case the truck driver should likewise be relieved of the charge of negligence as about the same period of time intervened, between the stopping of the truck and the accident. But in both those cases the drivers appear to have made some effort, at least, within that short period to get their flares out whereas the driver in this case consumed the time in trying to get his truck lights to work.
We have reached the conclusion that the negligence of the truck driver in either of the two particulars with which he is charged was a direct, contributing cause of the accident and that even if James Millet, who was driving the car in which his mother was a guest, was guilty of any negligence whatsoever there has been no contributory negligence shown against her for, according to the manner in which she was feeling, she could not be expected to give much of her attention to the road and relied, as she had a right to, on the careful and attentive driving of the automobile by her son.
The amount of damages claimed by Mr. Millet and awarded in the court below is not questioned on appeal but it is contended that the amount allowed to Mrs. Millet for her injuries, pain and suffering, is grossly excessive. That amount, as already noted, was in the sum of $3,000.
Dr. H.L. Haydel attended to Mrs. Millet after the accident and in describing her condition he stated that "she was in a state of shock with general contusions and bruises and brush burns of the face, body, back, both shoulders, knee and hip, lacerations of the forehead and both knees, fracture of the first metacarpal bone of the left hand and fracture of the first phalanx of the left little finger, dislocation of the middle finger of the left hand and chip fracture of the greater tuberosity of the right humerus of the right shoulder, and was semi-conscious." Mrs. Millet remained in the hospital ten days and according to Dr. Haydel suffered during that period. She was left with a partial ankylosis of the left hand and had not regained the full use of it at the time of the trial. This ankylosis is due to immobilization which had to be done in treating the injury. The district judge observes in his written reasons for judgment that the scar on her forehead is not conspicuous but that it is definite and according to the testimony will always remain. He sums up by saying, "keeping in mind all the circumstances of the case as well as the situation and condition of the concerned parties, an award of $3000.00 to Mrs. Millet on account of the itemized injuries, pain, suffering etc., as set forth in her petition and hereinabove noted, appears justified and appropriate." We agree with him in the conclusion he has reached and *Page 248 
in the amount which he awarded. We believe it is fair and reasonable and we will not disturb it one way or the other. For the reasons stated, the judgment appealed from stands affirmed at the costs of the appellants.